NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOANNE CABE,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-5483

D.C. No.
5:23-cv-00002-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted December 4, 2025[**]
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Joanne Cabe ("Cabe") appeals from a district court decision, which affirmed

an Administrative Law Judge's ("ALJ") order denying her disability benefits.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's decision de novo but may "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). The substantial evidence standard is difficult for an appellant to overcome and, "[w]here the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

1. Cabe waived her argument that the ALJ violated the district court's mandate on remand by failing to raise it before the district court. *See id.* at 500 ("We need not address Smartt's remaining arguments because she waived them by not raising them before the district court."). Cabe does not explain why this court should excuse her waiver. Accordingly, this court finds that the issue is waived.

2. Substantial evidence supports the ALJ's decision to discount Cabe's symptom testimony. The ALJ reasonably concluded that Cabe's impairments were not as limiting as she claimed in light of medical records showing that her condition was generally stable and that she received "some benefits from treatments" and from "limiting exposures." From this, the ALJ appropriately drew reasonable inferences from the record to discount Cabe's self-reported symptoms as inconsistent with the objective evidence in the record. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (explaining "the ALJ is entitled to draw inferences 'logically flowing from the

evidence'" (citation omitted)).

3.  The ALJ likewise provided specific and legitimate reasons to discount the testimony of Drs. Buscher and Hu.  As correctly highlighted by the ALJ and district court, Dr. Buscher's conclusion that Cabe was disabled was inconsistent with his failure to document abnormalities or symptoms that aligned with Cabe's reported chemical sensitivities, his prognosis that her symptoms improved with treatment, his own treatment notes, and the evidence of other providers.

The ALJ also provided specific and legitimate reasons to discount Dr. Hu's conclusion that Cabe was disabled because that conclusion was contradicted by his own opinion that Cabe need not live in a "bubble," undermined by his deviation from his usual practice of repeated evaluations of patients, and inconsistent with the longitudinal record.

Because neither the district court nor the ALJ committed reversible error, the judgment of the district court is **AFFIRMED**.

24-5483